BARR v. GUELPH PATENT CASK CO.

INJURY TO EMPLOYÉ—NEGLIGENCE—QUESTION FOR JURY.
  Case ruled by former decision, 129 Mich. 278.

Error to Benzie; Chittenden, J. Submitted February
5, 1903. (Docket No. 73.) Decided May 29, 1903.

Case by Emma Barr, administratrix of the estate of
Daniel Barr, deceased, against the Guelph Patent Cask
Company, for the alleged negligent killing of plaintiff's
intestate. From a judgment for plaintiff, defendant brings
error. Affirmed.

*Brennan, Donnelly & Van De Mark*, for appellant.

*Charles A. Withey* (*D. G. F. Warner*, of counsel),
for appellee.

MOORE, J. This case has been tried twice. Upon the
first trial the circuit judge directed a verdict in favor of
the defendant. An appeal was taken to this court, which
ordered a new trial. Upon the second trial a verdict was
rendered in favor of the plaintiff. The defendant brings
the case here by writ of error. The opinion rendered in
this court when the case was here before is found in 129
Mich. 278 (88 N. W. 640). A reference to that opinion
will make it unnecessary to make a long statement of the
case here.

Upon the second trial, in addition to the testimony
offered upon the part of the plaintiff, testimony was also
introduced upon the part of the defendant, and it is claimed
on the part of the defendant the record which we now have
differs from the record when the case was presented here
before. It is true that the trial judge, upon the objection
of defendant's attorneys, declined to admit some of the
testimony on the part of the plaintiff which was received

upon the former trial.   It is also true that testimony was offered on the part of the defendant, when none was offered before.   This had the effect of presenting a weaker case on the part of the plaintiff, and a stronger case on the part of the defendant; but it did not wholly eliminate the questions of fact, and a careful comparison of the two records does not indicate any material difference, except in degree, in relation to the question of fact which was involved.   Many of the cases cited by counsel were cited in the former briefs, and some of the same arguments used then are used now.   A careful reading of the present record satisfies us that now, as when the case was here before, the proofs disclose a case which should be submitted to a jury.   It would not do any one any good to review the record in detail.   See former opinion and *Brown* v. *Railroad Co.*, 118 Mich. 205 (76 N. W. 407).   The trial judge submitted the case to the jury under a very careful and impartial charge.

The judgment is affirmed.

HOOKER, C. J., CARPENTER and MONTGOMERY, JJ., concurred.   GRANT, J., did not sit.